UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT E. PFAFF,

Petitioner,

v.

CAROL PORTER,

Respondent.

Case No. C05-5181FDB

REPORT AND RECOMMENDATION

**NOTED FOR: NOVEMBER 4th, 2005**

The petitioner in this action is seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. This case has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636 (b) (1) (A) and 636 (b) (1) (B) and Local Magistrates' Rules MJR 3 and MJR 4. Respondent has filed an answer to the petition showing two of the issues raised to be unexhausted and procedurally barred. The remaining issues do not warrant a grant of relief. The Court recommends that the petition be **DISMISSED WITH PREJUDICE.**

FACTS

Petitioner challenges his Clark County convictions for three counts of vehicular assault and one count of bail jumping. The sentences run consecutively with the longest being 74 months. (Dkt. # 18, Exhibit 1). The Washington State Court of Appeals summarized the facts of the crime as

follows:

> Robert Pfaff drove his car across the center line and hit another car head-on. Pfaff, his passenger, and the two people in the other car were all badly injured. Pfaff had been drinking beer and "jungle juice," an alcoholic drink. . . .
>
> The accident occurred in Washington, but Pfaff was taken to an Oregon hospital. A Washington State Trooper contacted Pfaff at the hospital, read him his Miranda rights, and obtained a blood draw.
>
> The State charged Pfaff with three counts of vehicular assault, one for each person injured.
>
> At trial, the State's expert testified that, in addition to alcohol, Pfaff's blood contained carboxy THC, which suggested recent marijuana use. The expert explained that using marijuana generally increases the effect of alcohol on a person; but she could not say what the effect, if any, was on Pfaff. The jury convicted Pfaff of all three counts.

(Dkt. # 18, Exhibit 6).

## PROCEDURAL HISTORY

Petitioner appealed both *pro se* and through counsel. Counsel's brief raised the following issues:

> I. ASSIGNMENTS OF ERROR
>
> A. ASSIGNMENT OF ERROR NUMBER ONE: THE TRIAL COURT ERRED IN ALLOWING GORDON TO TESTIFY AS TO THE INTERACTION BETWEEN MARIJUANA AND ALCOHOL.
>
> B. ASSIGNMENT OF ERROR NUMBER TWO: THE MULTIPLE COUNTS OF VEHICULAR ASSAULT CONSTITUTE DOUBLE JEOPARDY.
>
> II. ISSUES PERTAINING TO ASSIGNMENT OF ERROR.
>
> A. DID ADMISSION OF MARIJUANA USAGE WITHOUT AN ADEQUATE FOUNDATION UNFAIRLY PREJUDICE PFAFF'S CASE?
>
> B. DO MULTIPLE COUNTS OF VEHICULAR ASSAULT ARISING FROM ONE ACCIDENT AMOUNT TO ONE UNIT OF PROSECUTION FOR DOUBLE JEOPARDY CONSIDERATIONS?

(Dkt. # 18, Exhibit 2, at 1). Petitioner's *pro se* brief raised one issue:

> THE APPELLANTS CONSTITUTIONAL RIGHTS WERE VIOLATED WHEN OFFICER RIDDELL QUESTIONED THE APPELLANT WHILE HE WAS UNDER THE INFLUENCE OF A HIGH DOSE OF MORPHINE DO TO INJURYS SUFFERED IN A VERY SEVERE CAR ACCIDENT.

(Dkt. # 18, Exhibit 3 page 1).

Supplemental briefs were filed by petitioner and petitioner's counsel raising other issues that are not germane to this petition. (Dkt. # 18, Exhibits 4 and 5). Petitioner then filed a motion to

amend his argument and raised only state sentencing issues in that amendment. (Dkt. # 18, Exhibit 4).

The Washington State Court of Appeals affirmed the conviction on April 23rd, 2003. (Dkt. # 18, Exhibit 6). A motion for reconsideration was filed and denied. (Dkt. # 18, Exhibits 7 and 8). Petitioner then filed for discretionary review in the Washington State Supreme Court and raised the following issues:

C. ISSUES PRESENTED FOR REVIEW

(1) The Trial Court should not have allowed an expert to testify about the synergistic effects of marijuana and alcohol if they could produce no testimony about the effect on Pfaff.

(2) Pfaff did not and could not "waive" his rights under MIRANDA due to the fact that he was heavily medicated and in shock from the trauma of the violent accident he was involved in.

(3) The Blood Draw taken from Pfaff in Oregon was not legal, due to the nature of the events surrounding the events.

(4) The total [sic] of this event and the court proceedings has violated Pfaff's Constitutional Rights from the very beginning. Pfaff is supposed to only speak if it is an "unfettered exercise of his own will". His 4th Amendment rights to be secure against unreasonable search and seizure.

(Dkt. # 18, Exhibit 9). Review was denied January 7th, 2004. (Dkt. # 18, Exhibit 10).

Petitioner then filed his first federal habeas petition. 04-CV-5207FDB. The court determined the petition was a mixed petition with exhausted and unexhausted issues and an Options Order was issued. (04-CV-5207FDB Dkt. # 15). Petitioner did not reply to that Order and a Report and Recommendation to dismiss the action without prejudice was issued and adopted. (04-CV-5207FDB Dkt. # 16 and 17).

On January 31st, 2005 petitioner filed a motion in state superior court claiming his offender score was not correctly calculated. (Dkt. # 18, Exhibit 12). His motion was transferred to the Washington State Court of Appeals to be handled as a personal restraint petition. That petition is still pending. (Dkt. # 16, page 6).

In the petition now before the court petitioner argues:

ASSIGNMENT OF ERROR I

THE MULTIPLE COUNTS OF VEHICULAR ASSAULT CONSTITUTES A VIOLATION OF THE DOUBLE JEOPARDY STANDARD OF THE 5th. AMENDMENT OF THE CONSTITUTION.

ASSIGNMENT OF ERROR II

PETITIONER DID NOT AND COULD NOT WAIVE HIS MIRANDA RIGHTS UNDER THE 5th AMENDMENT, DUE TO THE SERIOUS NATURE OF HIS INJURIES AND THE AMOUNT OF MEDICATION THE HOSPITAL HAD ADMINISTERED.

ASSIGNMENT OF ERROR III

DENIED 5th AMENDMENT PROTECTION AGAINST COMPELLING SELF-INCRIMINATION. [sic]

ASSIGNMENT OF ERROR IV

BLOOD DRAW FROM PETITIONER, IN THE STATE OF OREGON WAS A VIOLATION OF THE 4th AMENDMENT AND WAS NOT LEGAL, DUE TO THE LACK OF JURISDICTION. FOURTH AMENDMENT WAS ALSO VIOLATED WHEN PETITIONER WAS PLACED UNDER ARREST IN THE STATE OF OREGON.

(Dkt. # 6).

EVIDENTIARY HEARING

If a habeas applicant has failed to develop the factual basis for a claim in state court, an evidentiary hearing may not be held unless (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996). Petitioner's claims rely on established rules of constitutional law. Further, petitioner has not set forth any factual basis for his claims that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime. Therefore, petitioner is not entitled to an evidentiary hearing.

STANDARD

Federal courts may intervene in the state judicial process only to correct wrongs of a

constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 is explicit in that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a)(1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for errors of state law. Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984); Estelle v. McGuire, 502 U.S. 62 (1991).

Further, a habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

DISCUSSION

A. Exhaustion.

In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented to the state's highest court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of prisoners' federal rights. Duncan v. Henry, 513 U.S.364, 115 S.Ct. 887, 888 (1995). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. Id, *citing* Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982).

Respondent contends the first and third claims raised in this petition, one dealing with units of prosecution and double jeopardy and one dealing with self incrimination are not exhausted. (Dkt. # 16, page 7). Respondent is correct. When petitioner filed his motion for discretionary review he

raised no issues regarding double jeopardy or self incrimination. (Dkt. # 18, Exhibit 9).

B. Procedural Bar.

Normally, a federal court faced with an unexhausted petition dismisses the petition without prejudice, so that the petitioner has an opportunity to exhaust the claims in state court. That is what was done when petitioner filed his first petition. Now, however, petitioner is barred from filing another petition in state court as any attempt to file another petition will be deemed successive and possibly time barred. See, RCW 10.73.090 and 10.73.140.

Federal Courts generally honor state procedural bars unless it would result in a "fundamental miscarriage of justice." or petitioner demonstrates cause and prejudice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner here cannot show cause and prejudice in state court.

To show cause in federal court petitioner must show that some objective factor external to the defense prevented petitioner from complying with state procedural rules relating to the presentation of his claims. McCleskey v. Zant, 499 U.S. 467, 493-94 (1991). Here, petitioner simply failed to raise his issues in timely appeals or petitions in state court. Thus, petitioner cannot show cause that excuses his procedural default in state court. Accordingly, the first and third issues in this petition are procedurally defaulted and should not be considered.

C. On the Merits.

1. Miranda Rights.

Petitioner asserts he did not and could not waive his Miranda Rights because he was heavily medicated when approached by Washington State Trooper Riddell who investigated the accident. The record shows the trial court considered the admissibility of statements made to Trooper Riddell in a hearing held under Washington States Criminal Rule 3.5 and made a factual determination that plaintiff was advised of his rights, understood his rights, waived the his rights and then made voluntary statements. Simply put, petitioner has failed to come forward with evidence that rebuts the finding of fact and conclusions of law made by the trial court.

The superior court conducted a CrR 3.5 hearing to determine the circumstances under which

petitioner gave statements to Trooper Riddell. (Dkt. # 18, Exhibit 14, Verbatim Report of Proceedings, State v. Pfaff, Clark County Superior Court Cause No. 01-1-00388-7, Vol. III, September 25, 2001). Trooper Riddell testified he read petitioner his rights and petitioner told him he understood them. (Dkt. # 18, Exhibit 14, Verbatim Report of Proceedings, page 30).

The examination and cross examination of Trooper Riddell and petition have been examined. (Dkt. # 18, Exhibit 14). The trial courts conclusion that the plaintiff made voluntary statements after waiving his rights is well supported by the record and this court cannot conclude the state court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court. Nor can the court find the decision to allow petitioners statements into the record resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. Petitioner is not entitled to relief on this claim.

2. Blood draw and the Fourth Amendment.

Respondent notes that under the Supreme Court holding in Stone v. Powell, 428 U.S. 465 (1976), this court is precluded from considering petitioner's Fourth Amendment challenge to a blood draw. The Court in Powell held that where a plaintiff has had a full and fair opportunity to litigate his Fourth Amendment claim in state court, the federal court is precluded from hearing the claim because the claim is not actually based on the Fourth Amendment but on the exclusionary rule. The public policy behind exclusion of the evidence is furthered by allowing the argument to be raised and the rule applied in state court but not by allowing a federal court to apply the rule through a writ of habeas corpus. Powell, 428 U.S. at 493. Respondent's argument is well taken and the court should not consider this claim. Accordingly, this petition should be **DISMISSED WITH PREJUDICE**.

CONCLUSION

For the reasons stated above this petition should be **DISMISSED WITH PREJUDICE.** A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.

R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 21st, 2005**, as noted in the caption.

Dated this 5th day of October, 2005.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge